DeLong v. Lee.

| 73 | 53 |
|----|-----|
| 79 | 195. |

| 73 | 53 |
|----|-----|
| 108 | 706 |

1. **Promissory Note**: PAROL TO ESTABLISH CONDITION AS TO PAYMENT. Parol proof is not admissible to alter the terms of an unconditional promissory note, by establishing a contemporaneous contract that the note shall be payable only upon conditions not expressed in the note itself. (See opinion for cases cited.)

| 73 | 53 |
|----|-----|
| 109 | 186 |
| 73 | 53 |
| f130 | 387 |

| 73 | 53 |
|----|-----|
| 134 | 490 |

2. **Appeal**: PRESERVING EVIDENCE. A bill of exceptions is not necessary to preserve the evidence for the purposes of an appeal, in cases where it is preserved by the short-hand report, and properly certified.

| 73 | 53 |
|----|-----|
| f142 | 196 |

*Appeal from Hamilton District Court.*

FRIDAY, OCTOBER 21.

ACTION upon a promissory note. There was a verdict for plaintiff, which, upon motion, was set aside, and a new trial ordered. Plaintiff appeals.

*Chase & Chase*, for appellant.

*Martin & Wambach*, for appellee.

BECK, J.—I. The defendant, in his answer, alleges that the note was given without consideration, and, as a further

1. PROMIS-
SORY note:
parol to es-
tablish condi-
tion as to pay-
ment.

defense, that it was given for an interest in a patent washing-machine bought by defendant of plaintiff upon a verbal agreement that defendant should be required to pay no money on the note, except it should be realized from the sales of the machine, and that it was wholly worthless, and nothing was realized upon its sale. Evidence upon the issues thus presented was introduced by both parties. The court below instructed the jury that they should not consider any of the evidence tending to prove a contract between the parties as to the conditions on which the note was to become payable. A motion to arrest the judgment on the ground that the verdict is not sustained by, and is in conflict with, the evidence, and for error in giving the instructions just referred to, was sus-

tained.   We understand from the opinion of the court, found in the record, that the motion was sustained upon the last ground thereof.

II.   The position of counsel for defendant and of the court below is to the effect that an unconditional promissory note may be defeated by establishing a contemporary contract to the effect that the note shall be paid only upon an event which may never happen.   In this view, the note is a conditional promise to pay.   This position is in conflict with the familiar rule of the law which declares that written contracts shall not be changed, varied, or contradicted by contemporary or prior oral agreements.   Parol proof, therefore, is not competent to alter the terms of a promissory note, and show that it is payable upon conditions not therein expressed.   *Atherton v. Dearmond*, 33 Iowa, 353; *Barhydt v. Bonney*, 55 Id., 717; *Dickson v. Harris*, 60 Id., 727; *Atkinson v. Blair*, 38 Id., 156; *Farmer v. Perry*, 70 Id., 358.

III.   It is plain that the parol agreement pleaded as a defense, and supported by proof, did not pertain to the consideration of the note, but went to its validity, and the obligation of defendant to pay it only upon the happening of certain conditions.   It presented a different contract than the one expressed in the note.   In our opinion the district court erred in sustaining defendant's motion in arrest of judgment.

IV.   Defendant files an amended abstract, in which it is alleged that the evidence is not preserved by a bill of exceptions.   This may be true, and yet the evidence

2. APPEAL: preserving evidence. may have been preserved by the short-hand report, and duly certified, thus becoming of record in the case, to be considered upon appeal.

For error in the order sustaining the motion in arrest, the judgment of the district court is          REVERSED.