## HENRY C. SHRIEVES *vs.* JOHN F. MORRIS.

Suffolk.    January 14, 1890. — March 1, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Replevin — Title to Personal Property under Assignment of Mortgage.*

Money was lent, secured by a note and chattel mortgage, both of which ran to an employee of the lender. The note, unindorsed, was always in the lender's possession, and the mortgage was always held by him or by the employee. By the lender's direction, the employee assigned the mortgage to another employee of the lender, the assignee giving to the assignor money supplied by the lender, to whom the assignor returned it. The assignment also was held by the lender, but was missing after the assignee left his employ. *Held*, that, if the transaction between the lender and his employees was a mere paper one, not understood or intended to have any effect as between themselves, the assignee, or one who acquired by assignment only his right to the mortgaged property, could not maintain replevin for the property when in the lender's possession.

REPLEVIN of a piano. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, as follows.

It appeared in evidence that one Currier and his wife, whose title was undisputed, executed a mortgage, under seal, of the

piano which was replevied to one McAvoy; and the plaintiff introduced in evidence an assignment of the mortgage, under seal, from McAvoy to one Barker, dated November 15, 1887, and an assignment of the same mortgage, also under seal, from Barker to the plaintiff, dated May 10, 1888. The assignments of the mortgage were in the usual form, and purported to assign the mortgage deed, the property thereby conveyed, and the note and claim thereby secured. The defendant at the time the mortgage was given, and at the time it was assigned to Barker, was carrying on the business of loaning money upon mortgages, and McAvoy and Barker were in his employ. The defendant made a loan of money to the mortgagors, and took therefor a promissory note payable to the order of McAvoy, which he still held. The mortgage was given to secure the payment of this note, which was never indorsed by McAvoy, nor delivered by him to Barker or by Barker to the plaintiff. Both McAvoy and the defendant were allowed to testify, against the objection of the plaintiff and subject to his exception, in reply to an inquiry as to what was done when the assignment was made from McAvoy to Barker, that the defendant directed McAvoy to make the assignment; that he handed to Barker seventy-five dollars of his own money and told him to give that to McAvoy; that Barker gave the money to McAvoy and received the assignment; and that McAvoy then returned the money to the defendant.

The defendant testified, that, after the assignment to Barker, he caused the piano, which was then in Easton, to be brought to Boston; that it was delivered into his possession at his place of business, and remained there about three weeks, and was then moved to his dwelling-house and kept there until the plaintiff replevied it; and that the assignment from McAvoy to Barker was delivered into the defendant's possession and put on file with other assignments, where it remained some time, and that he first missed it after Barker left his employ. The original mortgage was never delivered to Barker, but remained all the time in the possession of McAvoy or of the defendant.

The judge, after calling the attention of the jury to the matters not in dispute, as before stated, charged them, among other things not excepted to, that if they were of the opinion that the transaction as between McAvoy, Barker, and the defendant

was as the defendant said it was, then they might find it was a mere paper transaction, not understood or intended to have any effect as between themselves, and Barker would not acquire any right in the piano that would enable him to replevy it from the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. C. Cogswell*, for the plaintiff.

*J. W. Converse*, for the defendant.

DEVENS, J.   It is conceded by the plaintiff, in his argument, that he has no title superior to that of Barker, and that unless Barker had such a title that he could maintain this action, the plaintiff has none.   No such question is presented, therefore, as might arise if the plaintiff, without notice of any relation between Barker and the defendant, had in good faith, and for a valuable consideration, purchased from Barker an assignment of the mortgage upon the piano which is the subject of the replevin suit.

The plaintiff offered evidence of a mortgage of the piano from the Curriers (who originally were the undisputed owners of it) to one McAvoy; an assignment under seal to one Barker by McAvoy, purporting to convey the mortgage deed, the property, and the note and claim thereby secured; and a similar assignment to himself from Barker.   The defendant's evidence, if believed, and it was on the assumption that it might be believed that the ruling of the court was made, proved that the loan for which the mortgage was given was made by the defendant himself, through McAvoy, who was his employee, although the security was taken in the name of McAvoy; and that at a subsequent time the mortgage was transferred to Barker, who was another employee of the defendant, without any consideration moving from Barker, although the defendant had gone through the form of delivering to Barker seventy-five dollars with which to purchase the mortgage, which sum was delivered to McAvoy, and which the defendant afterwards received back from McAvoy.   The defendant's evidence, if believed, further proved that he had himself always had the note in his own possession, and that after the assignment of the mortgage from McAvoy to Barker he had the assignment also in his possession

among his other papers, although it was missing from his papers after Barker left his employ.

The defendant by virtue of the mortgage had taken possession of the piano, and the instruction of the court was, in effect, that if the jury believed from the evidence that the whole transaction was a mere paper one, not understood to have any effect as between themselves, Barker could not and did not acquire a right which, as against the defendant, would enable him to replevy the piano. This instruction was correct. If, as between themselves, it was an arrangement by which there was to be an appearance of title only in McAvoy and afterwards in Barker, while the real title was that of the defendant, Barker could not rely on the mortgage as conveying a title which could be asserted as against the defendant when the property was actually in the latter's possession. *Exceptions overruled.*