Statement of Facts.


# CONRAD SCHWARTZ v. JOHN HERSKER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF SCHUYLKILL COUNTY.

Argued February 16, 1891—Decided March 9, 1891.

(*a*) The evidence of the plaintiff in an action of assumpsit was to the effect that he had transferred certain judgments to the defendant by an absolute assignment, but without consideration, and for the purpose of enabling the defendant to collect the amount due for the use of the plaintiff.

(*b*) The evidence of the defendant was to the effect that the assignment was absolute, in adjustment of an existing indebtedness, and to give the defendant, as assignee, a preference over other creditors of the plaintiff; evidence as to the alleged indebtedness being submitted by both parties:

1. In such case, it did not follow that, because on its face the assignment was absolute, the defendant was entitled to collect the money due on the judgments and keep it; upon the evidence submitted, the question whether the defendant held the money in trust for the plaintiff was properly for the jury.

2. Statements by the defendant, before the assignment, that he would endeavor to obtain the assignment and the purpose thereof, and like statements, after it, that it had been obtained and the purpose thereof, were competent as admissions by the defendant, though not at the time communicated to the plaintiff.


Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 102 July Term 1890, Sup. Ct.; court below, No. 352 May Term 1879, C. P.


On April 14, 1879, Conrad Schwartz brought assumpsit against John Hersker. Issue.

At the trial on December 2, 1889, it was made to appear that in 1875, Conrad Schwartz was the owner of three judgments against Bernard and Philip Bank, amounting to $800. An execution was issued from one of the judgments, on which a colliery property operated by the brothers Bank was sold by the sheriff. Pending a controversy before an auditor, on the distribution of the proceeds of the sale, Schwartz assigned all

three of the judgments to John Hersker, his brother-in-law, and subsequently, to wit, on March 26, 1877, by a final decree of the court upon exceptions to the auditor's report, a part of the fund in court, to wit, $372.42, was awarded to the Schwartz judgments and paid over to Hersker. But prior to the date of receiving this money, awarded upon the auditor's report, Hersker had received upon the judgments, out of the proceeds of another execution sale, the sum of $510.40, so that the judgments were thus paid in full. This suit was brought to recover the fund so received by Hersker, on said judgments.

The assignment, dated August 7, 1876, was in writing, not under seal, embraced all three of the judgments, and was absolute on its face. It was entered of record to the judgments on August 14, 1876. The plaintiff testified that, though absolute, the assignment was without consideration, and intended merely to enable Hersker to receive the proceeds of the sale applicable to the judgments, for the use of the assignor, and to make it unnecessary for the plaintiff, who lived at some distance from the scene of the litigation, to attend to the collection himself. He testified, also, that after the receipt of the money due upon the judgments the defendant made some payments to him and acknowledged his indebtedness for the balance. His testimony was corroborated by Frederick Miller, also a brother-in-law, who testified in substance that, prior to the assignment, the witness was at Hersker's house, when it was stated by Hersker and his wife that they would endeavor to obtain an assignment of the judgments from Schwartz, to collect the money upon them, and when the money was obtained they would buy a property so that Mrs. Schwartz would have a place to live in in her old days, requesting the witness to aid them in obtaining the assignment from Schwartz; that, subsequently, the witness again called at Hersker's, when it was stated to him by Hersker and his wife that they had obtained the assignment, and that when they received the money they would buy a property for the purpose previously referred to, but these two conversations were not communicated to Schwartz until long afterward; and that, at a later date, a year or two after the assignment, when the witness called at Hersker's, at the request of Schwartz, to inquire about the money and obtain some of it for him, Hersker said to the wit-

### Charge of Court below.

ness that he would pay Schwartz the debt, with interest, but he would not pay him then.   The defendant and his wife testified in denial of the testimony of the plaintiff and Miller, and alleged that the assignment was absolute in payment of an existing indebtedness due to Hersker from Schwartz, and to give Hersker a preference over other creditors of Schwartz. A great deal of testimony was offered and received in proof and disproof of this alleged indebtedness.

At the close of the testimony, the court, GREEN, J., submitted the cause to the jury with pertinent general instructions, and concluded as follows:

The defendant asks us to answer the following points:

1. That the assignment by Schwartz to Hersker of the Bank judgments is absolute, and entitled Hersker to collect the judgments and retain the proceeds thereof; and that he is not liable to account to Schwartz for the same.

Answer: That point we decline to affirm.   We refer to our general charge for a further answer to that point.[1]

2. That to avoid his assignment and to reclaim the proceeds of said judgments, Schwartz must prove fraud, or the creation of a trust, by clear, positive, precise, unambiguous and indubitable evidence of fraud, or the assumption of a trust by Hersker at the time of the execution of the assignment; and his own evidence to that effect being contradicted by Hersker and his wife, and there being no corroborative evidence to sustain the plaintiff's allegations, his case fails, and the verdict of the jury must be for the defendant.

Answer: This point we decline to affirm.   The law may be as stated in the point, but we refer to our general charge as a further answer to the point.[2]

3. That the testimony of Frederick Miller of an alleged conversation with Hersker relative to the Bank judgments, prior to the execution of the assignment, and which was not communicated by him to Schwartz until long after the execution of the assignment, has no relevancy to this issue, and must be disregarded by the jury.

Answer: That point we decline to affirm.[3]

4. That Miller's testimony of an alleged conversation with Hersker, a month or two after the execution of the assignment,

Charge of Court below.

does not prove any fraud practiced by Hersker at the time of the execution of said assignment, or the creation of any trust in the premises at the time, and must be disregarded by the jury.

Answer: This point we decline to affirm.[4]

5. The testimony of Miller as to an alleged declaration by Hersker, a year or two after the execution of the assignment, that he would pay Schwartz, is not relevant to the issue. As a promise to pay, it is without consideration, Schwartz's testimony as to what occurred at the time of the execution of the assignment being contradicted by Hersker and his wife, and being wholly uncorroborated; and such a declaration does not amount to an admission or confession by Hersker of any fraud alleged to have been practiced, or of any trust alleged to have been assumed by him, at the time of the execution of said assignment and contemporaneous therewith, or anything of the res gestæ of the transaction, and must be disregarded by the jury.

Answer: We decline to affirm that, under all the evidence in the case.[5]

6. There is nothing in Miller's testimony to prove anything that was said or done contemporaneously with the execution of the assignment, or to prove the commission of a fraud, or the assumption of a trust by Hersker, in that transaction. Therefore, the allegations of Schwartz, in this respect, remain uncorroborated, and the verdict of the jury must be for the defendant.

Answer: That point we decline to affirm.[6]

7. That if the jury believe that Schwartz assigned these judgments to Hersker for the purpose of preventing his other creditors from attaching the same, or otherwise to cheat or defraud his creditors, or to hinder or delay them in the collection of their claims, he cannot repudiate his assignments, or reclaim the proceeds of said judgments, and the verdict of the jury must be for the defendant.

Answer: That point we affirm. We say that is the law.

8. That, under all the evidence in the case, the plaintiff cannot recover, and the verdict of the jury must be in favor of the defendant.

Answer: That point we decline to affirm. We leave it as a matter for you to pass upon, under the general charge.[7]

—The jury returned a verdict in favor of the plaintiff for $774.53. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1-7. The answers to the defendant's points.[1 to 7]

*Mr. A. W. Schalk* (with him *Mr. A. L. Shay* and *Mr. M. M. L' Velle*), for the appellant.

As to the sufficiency of the evidence to affect the assignment, counsel cited: Frey v. Heydt, 116 Pa. 601, 610; Heydt v. Frey, 21 W. N. 265; Rearick v. Rearick, 15 Pa. 66; Martin v. Berens, 67 Pa. 459; Cummins v. Hurlbutt, 92 Pa. 165, 168; Day v. Osborn, 19 W. N. 443; Cullmans v. Lindsay, 114 Pa. 166, 170; Sylvius v. Kosek, 117 Pa. 67; English's App., 119 Pa. 533; Nicolls v. McDonald, 101 Pa. 514; Thomas v. Loose, 114 Pa. 35; Jones v. Backus, 114 Pa. 120; Jackson v. Payne, 114 Pa. 67, 79; Ferguson v. Rafferty, 128 Pa. 337; Saunders v. Gould, 134 Pa. 445; Wanner v. Landis, 137 Pa. 61.

*Mr. Geo. J. Wadlinger*, for the appellee, was not heard.

In the brief filed, counsel cited: Kostenbader v. Peters, 80 Pa. 438; Phillips v. Meily, 106 Pa. 543; Hoopes v. Beale, 90 Pa. 82; Lippincott v. Whitman, 83 Pa. 244; Rearich v. Swinehart, 11 Pa. 233; Renshaw v. Gans, 7 Pa. 117; Ettinger v. Jones, 139 Pa. 218.

PER CURIAM:

If the court below had affirmed the defendant's first point, the case would have been withdrawn from the jury. It does not follow that, because the assignment by Schwartz to Hersker was absolute upon its face, the latter was entitled to collect the money and keep it. There was sufficient evidence of a trust to submit to the jury. Nor was it error to decline the defendant's second point. This point also contained the vice of withdrawing the case from the jury, and, in addition, assumed the facts. There was evidence to corroborate the plaintiff's allegations. The third, fourth, fifth, and sixth assignments all refer to the testimony of Frederick Miller. It was alleged that, as the conversation between Miller and the defendant had not been communicated to the plaintiff, it had no relevancy to the

Statement of Facts.

issue. This position is evidently based upon a mistaken view of the effect of Miller's testimony. Its very purpose was to show the object of Hersker in obtaining the assignment of the Bank judgments. Such purpose was declared before the assignment was made, and repeated after it had been obtained. As admissions by the defendant, the evidence was clearly competent. The last assignment is disposed of by what has already been said.

Judgment affirmed.