ELIZA J. SAUNDERS *vs.* MARY F. DUNN, administratrix.

Suffolk.    December 6, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Promissory Note— Mortgage — Consideration — Evidence.*

If a mortgage is given as security for the payment of a promissory note, it may be shown that the note is without consideration, and that therefore the mortgage cannot be enforced; and admissions of the mortgagee, who has deceased, to show that no debt ever existed between the parties to the mortgage are rightly received.

BILL IN EQUITY, asking for the cancellation and delivering up of a promissory note and mortgage of personal property securing the same, given by the plaintiff to the defendant's intestate, on the ground that no consideration was ever received by the plaintiff, and that the conveyance was in effect a trust transaction.

At the trial in the Superior Court, before *Lilley,* J., there was evidence of several witnesses tending to show that the note was without consideration, and, against the defendant's objection and exception, the following evidence was admitted: " I asked Miss Dunn if it was a mortgage she had made out. She said, ' Oh, no ; it is just simply a matter of form between she and I. There has no money passed between us, simply I am to help her out in the case of her death,'." the contention being that the note and mortgage were given to the intestate for the purpose of giving her such a hold on the property and business as would

allow her to sell the same on the death of the plaintiff and give the proceeds to her niece.

The judge found that the note and mortgage were without consideration, and only constituted the intestate a trustee to manage the property in the event of the plaintiff's death, and entered a decree that the note and mortgage be cancelled and delivered up to the plaintiff. The defendant appealed to this court.

*R. Lund & H. S. Riley,* for the defendant.

*J. A. Curtin,* for the plaintiff.

KNOWLTON, J. In an action at law to foreclose a mortgage, or in a bill to redeem, the mortgage is only available to secure the performance of the condition. If this condition is the payment of money, the question is how much in equity and good conscience, under recognized rules of law, is due the mortgagee. *Vinton* v. *King,* 4 Allen, 562. *Holbrook* v. *Bliss,* 9 Allen, 69. In *Wearse* v. *Peirce,* 24 Pick. 141, it was held that where a mortgage is given as security for the payment of a promissory note, it may be shown that the note is without consideration, and that therefore the mortgage cannot be enforced. In *Hannon* v. *Hannon,* 123 Mass. 441, the same doctrine was applied to a mortgage, the condition of which was the payment of a sum of money stated in the mortgage, with a reference to a promissory note for the same amount, given as a personal promise to make the same payment. The decision in this case fully covers the questions argued by the defendant in the case at bar. The provisions of the mortgage in respect to payment are substantially the same, and the evidence to show that the promise to pay was without consideration was like that now before us.

The admissions of the mortgagee were rightly received, and the judge properly found that the note and mortgage were without consideration, and should be given up and cancelled. See also *Freeland* v. *Freeland,* 102 Mass. 475; *Donohue* v. *Chase,* 139 Mass. 407.

*Exceptions overruled.*