JOSEPH A. McNAMARA vs. CONSOLIDATED HOTELS CORPORATION.

Berkshire.     September 19, 1922. — October 18, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes*, Consideration.  *Seal.  Mortgage*, Consideration.  *Equity Jurisdiction*, Equitable replevin.

A suit in equity by a mortgagee of personal property, which has been foreclosed, seeking to require the mortgagor, a corporation, to deliver the property to him, cannot be maintained, although the mortgage was under seal, where a master to whom the suit was referred found, without a report of the evidence, that there was no consideration for the mortgage note or the mortgage and his subsidiary findings of fact are not in conflict with the finding that there was no consideration.

It *was stated* that, as the plaintiff in the suit above described could not prevail because the note and mortgage upon which he relied were without consideration, this court did not find it necessary to decide whether the individual who executed the mortgage and note for the defendant was authorized by the defendant to sign the instrument in question, nor to pass upon the issue, whether on the facts found by the master the property had been so secreted that a bill in equity could be brought for its return. .

BILL IN EQUITY, filed in the Superior Court on October 18, 1921, in the nature of equitable replevin.

In the Superior Court, the suit was referred to a master. Material facts found by the master are described in the opinion. Exceptions by the plaintiff to the report were heard by *Flynn, J.*, by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree dismissing the bill.  The plaintiff appealed.

*F. M. Myers & E. T. Scully*, for the plaintiff, submitted a brief.
*H. C. Joyner*, for the defendant.

CARROLL, J.  This is a bill in equity to restrain the defendant from interfering with the plaintiff in securing possession of certain personal property described in a mortgage under seal, given to the plaintiff and signed,

"Consolidated Hotels Corporation
Otto C. Hall
Prest."

In the Superior Court the case was referred to a master; on the

coming in of his report an interlocutory decree was entered over-ruling the plaintiff's exceptions and confirming the report; and by a final decree the bill was dismissed.

The master found that the parties entered into a written agreement called a "Memorandum of Agreement" on June 16, 1920, by which the plaintiff agreed to sell and the defendant to buy the furnishings and equipment of a hotel in Great Barrington. The defendant was to assume a mortgage to one Beebe for $3,000 and to pay the plaintiff $2,000 in cash and $3,000 in monthly instalments. When the instrument was signed Hall gave the plaintiff a check for $2,000 and three notes for $1,000 each, payable in one, two and three months respectively. The notes were paid promptly and all payments called for in the "Memorandum of Agreement" have been made. When the agreement was signed, the plaintiff notified his clerk that Mr. Hall was the proprietor "for whom the clerk would be working," and it was found that the title to the good will and equipment of the hotel passed at that time to the defendant. Subsequently on the same day, the plaintiff and Hall went to the office of an attorney where the plaintiff signed the bill of sale, in which the defendant was named as grantee, of the equipment and good will of the hotel. The consideration named was $1 and other valuable considerations. It was set forth in the bill of sale that the defendant bought the property subject to the mortgage to Beebe, which the defendant agreed to assume and pay. At this interview a mortgage of the property mentioned in the plaintiff's bill and a note in the sum of $2,000, payable to the plaintiff in one year, were delivered to him. Hall signed the name and affixed the seal of the defendant, purporting to do so as president, duly authorized. The bill of sale and mortgage were recorded in the town clerk's office. The master found that the only agreement which Hall was authorized to make for the defendant, was set forth in the "Memorandum of Agreement;" that the consideration was $8,000 and had been paid to the plaintiff; that no other contract for the sale of the property was entered into by the plaintiff and the defendant; that there was no consideration for the note and the mortgage securing it, except the sale of the property by the "Memorandum of Agreement;" and "that unless as matter of law the sale and delivery of said property was consideration for the delivery of

said note and mortgage, the plaintiff has given and the defendant has received no consideration therefor."

The master also found that the plaintiff foreclosed the mortgage and has demanded the property of the defendant; but he did not find that the defendant has secreted any property, nor "that there is danger that the defendant will cause said property to be removed from the Hotel Miller and placed where the plaintiff cannot secure possession of the same." See R. L. c. 159, § 3, cl. 1 (see now G. L. c. 214, § 3, cl. 1), which permits a suit in equity to compel the redelivery of goods and chattels when withheld from the owner and so secreted that they cannot be replevied.

The master saw the witnesses. The evidence is not reported. His findings are conclusive unless it appears from the report itself that they are clearly wrong. *Briggs* v. *Sanford*, 219 Mass. 572. He has found that there was no consideration for the note which was secured by the mortgage. If there was no consideration for the mortgage, equity will not aid the plaintiff to recover the property. See *Saunders* v. *Dunn*, 175 Mass. 164; *Hannan* v. *Hannan*, 123 Mass. 441.

As the essential allegations of the plaintiff's bill were not sustained and were negatived by the master's findings, the decree dismissing the bill was entered properly. As the plaintiff cannot prevail because the note and mortgage upon which he relies were without consideration, we have not found it necessary to decide whether Hall was authorized by the defendant to sign the instrument in question; nor to pass upon the issue, whether on the facts found by the master, the property has been so secreted that a bill in equity can be brought for its return.

*Decree affirmed with costs of this appeal.*