S. S. DAVENPORT, Appellee, v. A. F. MULLINS et al., Appellants.

**EVIDENCE:** Parol as Affecting Writings—Note Payable from Specified
1   **Fund.** Proof of an oral agreement contemporaneous with the signing of a promissory note, to the effect that the note is to be paid out of a particular or specified fund only, is inadmissible. (See Book of Anno., Vol. 1, Sec. 9461, Anno. 17; Sec. 9476, Anno. 13 *et seq.*)

**BILLS AND NOTES:** Nonpayment—Failure to Notify Surety—Effect.
2   A surety may not complain that he was not notified of the nonpayment of the note by the principal when the surety has expressly waived notice of nonpayment.

Headnote 1:  22 C. J. p. 1077.  Headnote 2:  32 Cyc. p. 107.

*Appeal from Lyon District Court.*—C. C. BRADLEY, Judge.

OCTOBER 27, 1925.

ACTION upon a promissory note.  A jury was waived, and the cause tried to the court.  Judgment was entered for plaintiff, and the defendant Gage alone appeals.—*Affirmed.*

*Fisher & Riter,* for C. M. Gage, appellant.

*Riniker & Thomas,* for appellee.

STEVENS, J.—This is an action upon a negotiable promissory note executed July 21, 1917, by A. F. Mullins as principal and the appellant Gage as surety, payable to the Citizens Savings Bank of Lester, and subsequently transferred to appellee, Davenport, who, at the time the note was executed, was the cashier of the bank.  The gist of the defense pleaded is an alleged oral agreement entered into contemporaneously with the execution of the note, to the effect that the note was executed to the bank to take up an overdraft of Mullins' incurred by him in the purchase of some sheep and lambs, with the express oral understanding and agreement between the makers that the same would be paid out of the proceeds of the sale of the sheep and lambs.

1. EVIDENCE: parol as affecting writings: note payable from specified fund.

It is further alleged in the answer that knowledge of this agreement was conveyed to appellee, and that he, as cashier of the bank, assented thereto; that subsequently the sheep and lambs were sold, and the proceeds derived therefrom deposited in the Citizens Savings Bank; that, instead of being applied to the payment of the note, it was, as the result of negotiations between Mullins and appellee, invested in property owned by the latter in Louisiana; that Mullins later became insolvent, and was unable to pay the note; that the officers of the bank and appellee fraudulently concealed from appellant that the note had not been paid, and that the proceeds derived from the sale of the sheep and lambs had been dissipated and lost in the Louisiana investment; and that, to prevent appellant from being given notice that the note had not been paid, appellee agreed with the other officers of the bank that he would see that the

note was paid; and that, in pursuance of this arrangement with the bank, he later, and after severing his connection therewith, took it up, and gave his own note therefor.

Appellant further alleged that he did not know, until he was informed by appellee, shortly before this action was commenced, that the note had not been paid; and that, if he had been notified of Mullins' default, he could have protected himself against loss.

. The note provided that:

. "The makers, endorsers and guarantors * * * hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest and diligence in bringing suit against any party thereto, and the sureties consent that time of payment may be extended without notice."

. . Upon the objection of appellee, the evidence offered by appellant to prove his defense and the allegations of his answer was excluded, upon the ground that it tended to vary or contradict the terms of the written instrument, or was incompetent, immaterial, and irrelevant. At the conclusion of all the testimony, the court, upon motion of appellee, directed the jury to return a verdict in his favor for the amount of the note.

Appellant, of course, concedes the general rule that parol evidence is not admissible to vary, alter, or contradict the terms of a written instrument. The theory upon which it is argued that the evidence of the alleged contemporaneous oral agreement should have been admitted, is that it is explanatory of the purpose for which the note was executed, and tends to show the inducement by which appellant was led to sign the instrument, and to establish a conditional delivery of the note. The cases cited and relied upon hold merely that parol evidence is admissible to show that an instrument in form a deed was intended to operate as security for the payment of a debt, and not as an absolute conveyance or to establish a trust (*Bullard v. Bullard*, 112 Iowa 423; *Saunders v. Dunn*, 175 Mass. 164 [55 N. E. 893]; *Schwartz v. Hersker*, 140 Pa. St. 550 [21 Atl. 401]); or that manual delivery of an instrument may always be shown to have been conditional (*Osborne & Co. v. Stringham*, 1 S. D. 406 [47 N. W. 408]; *Whitaker v. Salisbury*, 15 Pick. [Mass.] 534; *Wil-*

*son v. Powers*, 131 Mass. 539; *McNight v. Parsons*, 136 Iowa 390).

The rule of these cases can have no application to the facts of this case. A distinction must always be observed between an agreement which provides for the conditional delivery of a note and one which requires payment thereof to be made out of a particular fund only. Parol evidence of the former is admissible, but not of the latter. The answer contains no plea of conditional delivery, nor would the evidence offered, if received, tend to establish that fact. The whole theory of the defense is that the failure of the holder to apply the proceeds of the sale of the sheep and lambs to the payment of the note, discharged appellant's obligation to the extent thereof. To have this effect, the agreement must have bound the payee to see that the money was so applied, or he would forfeit the right to maintain an action on the note against appellant. In other words, if the legal effect of the alleged oral agreement was to limit the liability of appellant to the amount due, if any, after the proceeds of the sale of the sheep and lambs had been applied to the payment of his obligation, it tended directly to contradict the terms of the note, which imported an unconditional promise to pay. This could not be done by parol. Proof of an oral agreement that a note is to be paid out of a particular or specific fund only, is not admissible. *Klemm v. Weil*, 194 Iowa 1073; *Smith v. Breeding*, 196 Iowa 670; *DeLong v. Lee*, 73 Iowa 53; *Farmers Sav. Bank v. Wilka*, 102 Iowa 315; *Herron v. Brinton*, 188 Iowa 60.

The holding of the above cases is decisive of this point. The mere failure of the holder to notify appellant of Mullins' default in the payment of the note can avail him nothing as a defense. He specifically waived notice of nonpayment, and consented that time might be extended without releasing him as surety. So far as fraud is relied upon as a defense, it is based upon the neglect and failure of appellee to carry out the terms of the alleged oral agreement, and is not sufficient in itself to constitute a defense, under the issues presented by the pleadings.

2. BILLS AND
NOTES: nonpayment: failure
to notify
surety: effect.

The rulings complained of were correct, and the judgment of the court below is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.