ELLEN M. HART *vs.* LOUIS S. LEVI Co. & others.

Suffolk.     May 1, 1939. — July 6, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Mortgage,* Personal property: validity.

The holder of a chattel mortgage containing a recital that it was "free from all encumbrances except" a recorded earlier mortgage "insofar as there is anything due thereon, and insofar as the same is now in force and effective," was entitled to a decree in equity ordering one, who had become an assignee of the earlier mortgage knowing that it was overdue, to cancel and discharge it, where it appeared that it and the note which it purported to secure had been given wholly without consideration and that neither had been delivered to the purported mortgagee.

BILL IN EQUITY, filed in the Superior Court on November 21, 1928.

The case was heard by *F. T. Hammond,* J.

*F. P. Garland,* for the defendant Louis S. Levi Co.

*A. L. Hyland,* (*D. J. Buckley, Jr.,* with him,) for the plaintiff.

RONAN, J. The plaintiff, the holder of a note secured by a chattel mortgage, brings this bill for the cancellation and discharge of a prior mortgage held by the defendant Louis S. Levi Co., hereinafter called the company, on the ground that it was given without consideration and with intent "to hinder and defeat the claims of creditors of the said mortgagor." The company appealed from a final decree reciting that this prior mortgage was given without consideration

and that there is nothing due upon it, and ordering the cancellation and discharge of the said mortgage.

There was evidence that the mortgagors were conducting a hotel; that one of them went, on September 15, 1931, to the store of Margaret Sansone, who was unable to read or write, and told her to put a cross upon a piece of paper, which she did, and thereafter the mortgagors recorded a mortgage upon the hotel furniture purporting to secure a loan of $7,000, payable in semi-annual instalments of $500, and providing that upon default in the payment of any such instalment the whole note was to become due and payable. Margaret Sansone never had this note or mortgage in her possession. The mortgagors were indebted to the company and on or about April 27, 1938, one of them requested Margaret Sansone to put her mark to another paper, which she did. This was an assignment of the mortgage from her to the company, and the latter when it took this assignment knew that no interest or principal had ever been paid on this note. A bank is the holder of a second mortgage upon the furniture described in the Sansone mortgage. An assignment of the second mortgage was given to the plaintiff for the purpose of bringing this suit. This last mentioned mortgage was dated April 23, 1932, and recited that it was free from all encumbrances except the Sansone mortgage "insofar as there is anything due thereon, and insofar as the same is now in force and effective." The bank has not been paid and there is no dispute as to the validity of its mortgage. The judge stated: "Here is a so called mortgage made in 1931 and to secure a note of $7000 there is no consideration whatsoever for the note or the mortgage. That is perfectly plain, nobody doubts that. Whether the mortgage was given to defraud creditors or not — we might easily assume that it was — is of no consequence in this case. The obvious thing is that it was given for no consideration at all, that there was no debt and there was nothing that the mortgage stood as security for."

The plaintiff, the holder of a second mortgage, given subject to a first mortgage, has the right to show that the

debt purported to be secured by such first mortgage has never existed or that it has been paid, and is then entitled to have such prior encumbrance cancelled and discharged of record. *Saunders* v. *Dunn,* 175 Mass. 164. *Bailey* v. *Way,* 266 Mass. 437, 441. *Dow* v. *Poore,* 272 Mass. 223, 226.

The company relies upon *Pearson* v. *Mulloney,* 289 Mass. 508, to show that it has a good lien upon the mortgaged personalty. But in that case it appeared that the first mortgagee was the real owner of the premises, title to which stood in the name of a straw; that the amount loaned by the second mortgagee and secured by its mortgage was paid directly to the first mortgagee; and that both the first and second mortgagees understood that the lien of the first mortgage should have priority over that of the second mortgage or, as stated in the opinion, at page 515, "the first mortgage was intended by the owners of every interest in the land to constitute an underlying lien or charge upon the land which could be removed only by the payment of $180,000 as principal." Margaret Sansone never had an interest in the mortgaged property as did the first mortgagee in the case cited. She never expected to have any lien upon the furniture, and the mortgagors never intended that she should have any actual interest in their property.

Margaret Sansone could not recover on the mortgage note or apply the security to the satisfaction of a claim that amounted to nothing more than a paper transaction. *Wearse* v. *Peirce,* 24 Pick. 141. *Hannan* v. *Hannan,* 123 Mass. 441. *Shrieves* v. *Morris,* 151 Mass. 310. *McNamara* v. *Consolidated Hotels Corp.* 243 Mass. 22. We think the case in its salient features is governed in principle by *General Ice Cream Corp.* v. *Stern,* 291 Mass. 86. It is plain that the company did not acquire any lien on the mortgaged property that it could enforce against the plaintiff. The final decree was correct.

· *Decree affirmed with costs.*