KATHLEEN E. BRODERICK *vs.* ANNA G. BRODERICK,
executrix.

Suffolk.    January 5, 1950. — April 3, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Jurisdiction,* Cancellation.  *Bills and Notes,* Validity.  *Mortgage,*
Of real estate: validity.

In a suit in equity for cancellation of a mortgage and mortgage note
given by the plaintiff to her brother in a family transaction, a decree
for the plaintiff was required by a finding of a master, not to be dis-
turbed on the record, that "no consideration passed from . . . [the
brother] to the plaintiff for the execution and delivery of said note and
mortgage."

BILL IN EQUITY, filed in the Superior Court on April 3,
1947.

The defendant appealed from decrees entered by order of
*Brogna,* J., and *Good,* J., as described in the opinion.

*F. W. Mansfield,* for the defendant.

*O. A. Gallagher,* for the plaintiff.

COUNIHAN, J.   This is a suit in equity whereby the plain-
tiff seeks the cancellation and delivery up of a promissory
note and the discharge of an accompanying mortgage of
real estate, purported to have been given as security for the
payment of the note, on the ground that they were given
without consideration.   The defendant demurred to the bill
on several grounds and the demurrer was overruled.   The
defendant appealed.   The suit was referred to a master by
a rule in the form quoted below.[1]   The master filed his re-
port, together with objections by the plaintiff and the de-
fendant.   He also filed a summary of the evidence at the

---

[1] ". . . to hear the parties, find the facts and report his findings to the
court, including all subsidiary findings upon which any ultimate conclusions
are based, together with such questions of law, arising in the course of his
duty, as any party may request."

request of each of the parties. The judge by interlocutory decree overruled the exceptions and confirmed the master's report. From this decree the defendant appealed. The defendant made a motion to recommit under the second paragraph of Rule 90 of the Superior Court (1932) for the reason that the master's summary of the evidence requested by her did not constitute "a brief, accurate and fair summary of so much of the evidence" as was necessary to determine the question whether the evidence was sufficient in law to support the findings of the master. This motion was denied and the defendant appealed.

By final decree the judge enjoined the defendant from any proceeding to enforce any claim or right arising out of the note or mortgage, and ordered the defendant to cancel and deliver up the note and mortgage together with a duly executed discharge of said mortgage. The defendant appealed from this decree.

Facts found by the master material to these appeals may be summarized as follows: The plaintiff was the sister of John H. Broderick, deceased, whose executrix, the defendant, now holds the note and mortgage. In 1925 John, through a corporation of which he was president and treasurer, purchased land at 170 Arborway, Jamaica Plain, and upon it built a dwelling house at a cost including land of $21,814.14. The record title to this land was taken in the names of Catherine A. Broderick, his mother, and Josephine L. Broderick, his sister. Various payments of money on account of the cost of this land and house were made to John by his mother up to 1927, leaving a balance then due him of $4,427.64. On January 9, 1933, Catherine with the consent of John conveyed her interest to Josephine. From then until her death in 1940 Josephine collected all the rents and managed the property. Josephine died intestate and her estate was administered in the Probate Court for Suffolk County. In 1941 John filed a petition in the Probate Court against all of the other heirs of Josephine praying that title to the Arborway real estate be established in him.

The master further found that John at that time informed certain of the heirs that the purpose of his bill was to obtain title to the property for the plaintiff, and was to protect the rights of the plaintiff so that the property would belong to her. John subsequently negotiated with the other heirs and obtained deeds from all of them conveying their intererests to the plaintiff. Certain of the heirs were paid the sum of $2,100 by the plaintiff through John. On November 8, 1941, deeds from each of the heirs, including John, were delivered by him to his attorney for the plaintiff and in her presence. At the same time the plaintiff executed a note to John and a mortgage on the Arborway premises securing it. The note was in the sum of $4,700 payable in three years with interest at five per cent. This is the note and mortgage in issue. John told the attorney to record the deeds for which the plaintiff later paid the recording fees and for necessary revenue stamps. He told him that he would take care of the mortgage and note himself. In 1943 John became ill and on September 8 was taken to the hospital. Just before leaving for the hospital he gave the note and mortgage to his wife and requested her to record the mortgage immediately in the Suffolk registry of deeds. At the same time he dictated a statement to his daughter which reads as follows: "The reason for recording in the registry of deeds, Suffolk County, this mortgage given to me by my sister, Kathleen E. Broderick, on the property 170 Arborway, Jamaica Plain, is due to the fact that I have expended large sums of money in paying the taxes, interest, principal and for improvements upon said premises and have continued to so spend money on said property to the present time." His wife recorded the mortgage as instructed the same day. John died on December 6, 1943. The master specifically found, ". . . no interest nor principal was requested, either by the late John H. Broderick during his lifetime, or by his executrix at any time before the commencement of the instant suit," and "On all of the facts hereinbefore set out and the reasonable inferences to be drawn therefrom, I find that no consideration passed from

the said John H. Broderick to the plaintiff for the execution and delivery of said note and mortgage."

Several grounds were assigned by the defendant in support of her general demurrer, one of which was that the bill did not state a case entitling the plaintiff to equitable relief nor to the relief prayed for. It was properly overruled if the bill could be maintained on any ground. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 484. *Shea* v. *Shea*, 296 Mass. 143, 147. The allegation in the bill that said note and mortgage were given to John entirely as matter of form and convenience, and were absolutely without consideration, clearly sets out facts which if proved required equitable relief. *Saunders* v. *Dunn*, 175 Mass. 164, 165. *Hart* v. *Louis S. Levi Co.* 303 Mass. 477, 478–479. *Buckley* v. *John*, 314 Mass. 719, 723. Because of this we need not consider other grounds of the demurrer. There was no error in overruling it.

The defendant's exceptions to the master's report were properly overruled. It is elementary that exceptions to a master's report cannot be sustained unless there is error apparent on the face of the report. *Minot* v. *Minot*, 319 Mass. 253, 258. "It is enough if the master summarizes 'so much of the evidence as shall be necessary' to show that there was evidence 'sufficient in law to support a finding,' care being taken to see that the summary of so much as is summarized is 'accurate and fair' . . .." *Morin* v. *Clark*, 296 Mass. 479, 483. We have examined the master's report together with his summary of the evidence and are satisfied that the ultimate findings of the master and his subsidiary findings are fully justified by the evidence.

There was no error in the denial of the motion to recommit the master's report. Whether the report should be recommitted rested in the sound discretion of the trial judge. There was no abuse of discretion. *George C. Miller & Co. Inc.* v. *Beagen*, 293 Mass. 54, 57. *Patterson* v. *Simonds*, 324 Mass. 344, 351.

There was no error in the entry of the final decree. The findings of the master are not inconsistent, contradictory, or plainly wrong, and are binding on us. *Glover* v. *Waltham*

*Laundry Co.* 235 Mass. 330. *LaChance* v. *Rigoli, ante,* 425, 426. In view of the specific findings of the master that no payments of interest or of principal were ever requested before this suit and that there was no consideration given by John H. Broderick to the plaintiff for either the note or the mortgage, a decree granting the plaintiff the relief she sought was required. *Saunders* v. *Dunn,* 175 Mass. 164, 165. The plaintiff did not appeal. So her exceptions to the master's report need not be considered.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*