*Southern District*

## JOSE L. BATISTA

### v.

## ISAURA SYLVIA

*Cox, J.* This is an action of contract. Count 1 is to recover $807.40 alleged to be the balance due on the defendant's promissory note after foreclosure by the plaintiff of a purchase price mortgage of a Chrysler automobile which the plaintiff claims he sold to the defendant. Counts 2 and 3 claim recovery for money lent. The matters involved in counts 2 and 3 are raised and considered in an opinion on a report before us in the companion case between the same parties, No. 7105.

The answer contains a general denial and an allegation of payment. By amendment the further defense was raised "that it was understood and agreed between the parties that the automobile was to remain the property of the plaintiff, and was transferred by the Plaintiff into the Defendant's name at the Plaintiff's request and direction solely for the Plaintiff's benefit and convenience, in order that the Defendant could use the automobile in the performance of work and services by her for his benefit, and with no intention on the part of either party that such transfer should create any legal rights or obligation on the Defendant, and the instruments of transfer and mortgage were executed merely as a pretense." There is a final allegation of want of consideration.

The trial judge found that the "transfers" were made without consideration and were meant as gifts.

The case is before us because the plaintiff claims to be aggrieved by the exclusion of the bill of sale, note and chattel mortgage from the evidence and because of the denial of certain of his requests for rulings and the allowance of certain of those of the defendant.

The plaintiff testified that while a prisoner in a penal institution he told one Louis Ferreira to sell his Chrysler automobile for $1200.00. That while so confined, the defendant visited him and told him that she intended to buy a Pontiac car with the proceeds of an expected inheritance. Subsequently, the defendant communicated with said Louis Ferreira and together the defendant and Ferreira visited a lawyer's office. A bill of sale of the Chrysler automobile to the defendant was drafted and signed by Ferreira as attorney in fact of the plaintiff and by him delivered to the defendant. At the same time a promissory note dated July 10, 1952 and a purchase price chattel mortgage of the Chrysler to secure the note were both executed by the defendant and by her delivered to Ferreira. The promissory note was as follows: "$1200. New Bedford, Mass. July 10, 1952 For value received I, the undersigned promise to pay to Jose L. Batista or order the sum of twelve hundred ($1200) Dollars on demand from this date. Isaura Sylvia." In the margin of the note was the following: "Secured by mortgage of Personal Property at New Bedford to be recorded in City Clerk's office in New Bedford." The mortgage was duly recorded on the day it was signed.

After Batista's discharge from incarceration, he foreclosed the mortgage and he, permitted to do so by the provisions of the mortgage, purchased the Chrysler car at the foreclosure sale for $500.00, that being the highest bid.

The defendant had the use of the car from July 10, 1952, the date of the bill and sale chattel mortgage, to on or about December 5, 1953.

The defendant, in answer to a written interrogatory relating to the sale of the automobile to her and the mortgage back to Batista, stated that the automobile always remained the property of Batista and that he put it in her name solely for his convenience.

The defendant at no time has contended that the automobile was a gift to her.

In the course of the trial the plaintiff introduced in evidence the bill of sale, the mortgage note and chattel mortgage. The judge admitted them over the defendant's objection that Ferreira had not been authorized by Batista by a writing under seal to sell the automobile. The judge admitted the documents *de bene,* but on motion of the defendant made before arguments, excluded them, not on the ground that there was no power of attorney, for he held that "a bill of sale may be given without a power of attorney under seal; but because the transaction was not intended to have any effect but was a mere paper transaction without consideration." In his findings the judge stated "There was no evidence that the plaintiff ever authorized the bill of sale to be given or knew that it was given, and no evidence was offered of any ratification by the plaintiff who was not told of the action until after July 10, 1952, the day on which the bill of sale was given and the note and mortgage signed. There was convincing evidence that the transaction was not intended to have any effect between the parties and that the transaction was without consideration, and I so find. No money was paid and whatever expenses there were were paid by the lawyer who drew the papers. The defendant never thereafter paid anything on the note, and after the plaintiff was released from prison he had a demand made by the lawyer for the possession of the automobile for the purpose of foreclosing the mortgage. The mortgage was foreclosed and the automobile was sold to the plaintiff for $500 and this action in the first count is to recover the deficiency which, with the expenses of the foreclosure amounted to $807.40. On all the evidence, I find that the conveyance of the automobile to the defendant was done for the convenience of the plaintiff without consideration and meant as a gift and with no expectation

on the part of either party that the note would ever be paid, especially where the parties were on such friendly terms."

We think the judge erred in three important particulars. First, in finding that the Chrysler automobile was a gift by Batista to the defendant, second, in excluding from the evidence the bill of sale, note and chattel mortgage, and third, in holding that there was no evidence that the plaintiff authorized the bill of sale and that there was no evidence of ratification of the transaction by the plaintiff.

The plaintiff's request for ruling, number 7, was that "The evidence warrants a ruling that the money advanced by plaintiff to defendant was not intended as a gift." The judge denied that requested ruling stating that "while the request for the finding may be warranted it does not compel it." The judge as reason for his denial stated a well settled and established rule relating to such a request. *Hoffman v. Chelsea,* 315 Mass. 54. *Brodeur v. Seymour,* 315 Mass. 527. *Liberatore v. Framingham,* 315 Mass. 538. However, a correct statement should not be used to excuse or cloak incorrect application. The requested ruling has not become inconsequential by reason of findings of fact showing that it had become immaterial. *Hoffman v. Chelsea,* 315 Mass. 54. The evidence and the facts not only warranted a ruling that there was not a gift of the Chrysler car but also required it. The plaintiff's position is that the car was not a gift to the defendant and the defendant herself at no time has contended that the car was a gift to her. Even if Batista had intended the car as a gift, the defendant was not required to accept it as such. *Garfield, Trustee v. White,* 326 Mass. 20, 27. As neither party has contended or offered evidence that the car was intended or accepted as a gift the judge could not properly find that it was.

"To effect a completed gift of personal property . . . there must be a settled donative in-

tention on the part of the donor, together with an actual or symbolic delivery of the subject matter of the gift to the donee or to someone in his behalf in such manner as completely to transfer the dominion of control of it in the lifetime of the donor." *Monaghan, Executor, v. Monaghan,* 320 Mass. 367, 369, 370. There was no intention shown on the part of Batista to give the car to the defendant, consequently there was no gift of it. As there was no donative intention on the part of Batista to make a gift of the Chrysler car to the defendant it becomes unnecessary to consider the question of its transfer. On this point see our opinion in case No. 7105. *Iantoaca v. Iantoaca,* 324 Mass. 316.

The bill of sale, note and chattel mortgage should not have been excluded. They were competent evidence bearing on the plaintiff's claim that he had made a valid sale of the automobile to the defendant by proxy and had accepted the note and chattel mortgage in payment. This point is implicit in the plaintiff's requests for rulings numbers 1, 2 and 3 which the judge denied.

The judge was wrong in holding that there was no evidence that Batista authorized the bill of sale and that there was no ratification of the transaction by him. There was evidence that Batista suggested to the defendant that she purchase his Chrysler automobile and that he verbally authorized Ferreira to sell it for $1200. Having authorized Ferreira to sell his car for $1200. it may fairly be inferred that a bill of sale would be an incident to the exercise of such authority. Be that as it may, it is clear that Batista ratified the transaction, including the bill of sale, because he foreclosed the mortgage. *Irving Tanning Company v. Shir,* 295 Mass. 380, 384. *Horan v. Manning,* 306 Mass. 404, 410, 411.

It seems equally clear that the defendant by knowingly dealing with Ferreira as Batista's agent

was estopped to deny his authority. *Stern v. Lieberman,* 307 Mass. 77, 82. On the record before us no other conclusion seems possible. *Levin v. Rose,* 302 Mass. 378, 382.

It is not at all apparent on the record how the judge came to his conclusion that "the transaction was not intended to have any affect but was a mere paper transaction without consideration," or that "there was convincing evidence that the transaction was not intended to have any effect between the parties . . ." In her answer to an interrogatory, the defendant did say that the car was put in her name solely for Batista's convenience and the judge inclined to that view. But the judge found that Batista did not authorize the bill of sale or even know about it when it was given. The judge could not on the strength of the defendant's answer to the interrogatory with logic say, therefore, that the car was put in the defendant's name for Batista's convenience, and we perceive no other evidence in the record on which to base such a conclusion except by resorting to conjecture. If no obligation were involved in the transaction and it was solely for Batista's convenience, it would be without consideration and unenforceable. *McNamara v. Consolidated Hotels Corp.,* 243 Mass. 22, but the record does not support that view.

It is unnecessary to consider the plaintiff's other requests for rulings or those of the defendant which the judge allowed.

As we are of the opinion that prejudicial errors have occurred, *there is to be a new trial.*