BAYLISS, for the use of GOODING, v. PEARSON *et al.*

1. PROMISSORY NOTE. The makers of a promissory note which showed upon its face that they executed it "as committeemen for the erection of a school house in District No. 3, of Camp Township, Polk County," held individually liable thereon.

2. OFF-SET. Damages sustained by a School District by reason of the non-performance of a contract for the erection of a school house cannot be set up as a defense to an action on a note upon which the District was not liable.

3. MATURITY OF DEMAND NOTE. A payment of a portion of a note due on demand is an admission that the note is due at the time of such payment, and in the absence of any prior demand interest will be computed on the balance remaining unpaid from the date of such payment.

*Appeal from Polk District Court.*

WEDNESDAY, DECEMBER 9.

SUIT brought before a justice of the peace to recover about thirty dollars, being the balance due on the following note:

"$561. On demand, we, as committeemen for the erection of a school house in District No. 3, of Camp Township,

Polk county, Iowa, promise to pay Milton Q. Fair five hundred and sixty-one dollars, for value received this 10th day of June, 1857.

    [Signed]               "V. W. YOUNG,
                                 A. B. PERSONS."

The defendants pleaded an off-set for $200 damages that School District No. 3, in Camp Township, had sustained by non-compliance with the contract in building school house, &c. Judgment for plaintiff. On an appeal, in the District Court, the cause was referred. The report of the referee against the exceptions of the defendant was confirmed, and, after overruling a motion for a new trial, a judgment was rendered for $37.50 in favor of the plaintiff, and the defendants appeal.

*C. C. Cole* for the appellant.

I. It clearly appearing upon the face of the note in this case, that it was made by the defendants "as committeemen (or agents) for the erection of a school house in District No. 3, of Camp Township, Polk Co., Iowa," and their authority not being disputed, but proved, they cannot be made personally liable upon it. 1 American Lead. Cases, 612; *New England Marine Insurance Company* v. *De Wolf,* 8 Pick., 56; *Townsend* v. *Hubbard,* 4 Hill (N. Y.), 351; *Baker* v. *Chambles,* 4 G. Greene, 428; *Harkins* v. *Edwards & Turner,* 1 Iowa, 426; *Winter,* Adm., v. *Hite et ux.,* 3 Id., 142; *Lyon* v. *Adamson et al.,* 7 Id., 509; *Harvey* v. *Irvine et al.,* 11 Id., 82.

II. The fact found by the referee as fifth fact, that the plaintiff's failure to perform the contract, which was the consideration for the note, had caused damages to the District to a much larger amount than the balance due on the note, shows that plaintiff ought not to recover in any event against any one, for thereby it appears there was a failure

of consideration. *Griffey* v. *Payne* for use, &c., Morris, 68; Code of 1851, § 976; Revision of 1860, § 1825.

III. The judgment is for too much; the note being payable on demand, and no demand having been proved, it will only draw interest from date of suit, and not from date of execution, which would make only $34.66, instead of $37.57. Story on Prom. Notes; Smith's Mercantile Law, 318.

*Casady & Polk* for the appellee.

I. The name of the principal does not appear in the note.

II. No such corporation as "Dist. No. 3, Camp Township" exists, and there was no corporation *in esse.* Code, 1851, §§ 1105, 1111. The creation of such a corporation will not be presumed, but must be proved like any other fact. Ang. on Corp., 698.

III. It is true that the note was payable on demand, and no demand *in hæc verba* is shown by the record; but on the day after the note was executed the defendants paid $400 on it, and nine days thereafter they paid $130.70. These payments are evidences of demand, and justified the referee in computing interest from the date thereof. *Furman* v. *Haskin*, 2 Cai., 369; *Hendricks* v. *Franklin*, 4 John., 119; *Wethey* v. *Andrews*, 3 Hill, 582; *Losee* v. *Dunkin*, 7 John., 70; *Sanford* v. *Mickles*, 4 John., 224.

LOWE, J.—Two or three points ruled against the defendants below are renewed here for revision.

I. It is claimed that the defendants are not personally liable upon the note sued, for the reason that it is in fact and law the instrument of School District No. 3.

In our opinion, the authorities cited do not sustain this position; yet they go as far in that direction as we deem it safe at present. It will be observed that the instrument before us does not purport to have been executed by the school board of said District, or by any of its officers; that

it contains no descriptive words, either in its execution or upon the face thereof, showing the relation of agency, or even the name of the principal. School District No. 3 is named, to be sure, as the place where the defendants were erecting or superintending the erection of a school house, but not that they were doing it for or in behalf of said District. It would be carrying the doctrine of agency to a dangerous length to hold that upon such an instrument the signers are not personally responsible.

II. It was proved before the referee that the work had not been done according to contract, and that School District No. 3 had sustained a damage greater than the amount due on the note, which it was claimed should have been allowed as an offset. The allowance of this claim would have been proper if the note sued had been the undertaking of said District. As we have seen that it was not, it is sufficient to remark that the damage claimed was not between the same parties.

III. That there was excess of $2.91, resulting from an erroneous computation of interest, in the rendition of the judgment. The note being payable on demand, and no demand having been proved, it will only draw interest from date of suit, and not from the date of its execution. This, as a general rule, is undoubtedly true.

But in this case the evidence shows that the defendants, the next day after the execution and delivery of said note, paid thereon four hundred dollars, and in nine days thereafter paid one hundred and thirty dollars and seventy cents more on the same undertaking. These acts by the parties to the instrument are equivalent to a demand, that is, they virtually constitute an acknowledgment that the note was due at that time, and being due, the interest, by the terms of the statute, commenced running. The reason why interest does not run upon paper of this kind until demand made, is, because such demand is necessary in contempla-

tion of law to mature the debt. Any other act which the parties may do, having the same legal effect of showing the debt due, should be followed by the same result. For instance, in the case of *Etheridge* v. *Binney et al.* 9 Pick., 272, it was held, in regard to such paper, that, "where the lender calls for and actually takes security for the loan, he is entitled to interest from that time, this being equivalent to a demand." Judgment below is

Affirmed.

THE counsel for the appellant filed a petition for a re-hearing of the questions of law and fact involved in this case, but, after being considered, it was overruled by the Court.