COMMONWEALTH *vs.* BERNARD L. GALE.

Suffolk.     November 6, 1944. — November 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Perjury.* *Practice, Criminal,* Appeal with assignment of errors; Requests, rulings and instructions; Ordering verdict. *Waiver. Evidence,* Presumptions and burden of proof.

An assignment of error on appeal in a criminal case under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, is waived by failure to argue it in this court.

The question, whether a verdict of not guilty should be ordered at a criminal trial, must be raised by a motion, not by a request for a ruling.

An intentionally false statement under oath of indebtedness or ownership of property, without more, is sufficiently a statement of fact to form the basis for a charge of perjury.

A single omnibus assignment of error directed to the action of the judge on numerous requests for rulings is improper practice under G. L. (Ter. Ed.) c. 278, § 33D.

A question of law not covered by the assignment of errors is not open in this court upon an appeal under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, in a criminal case not a capital case.

The trend of modern decisions is in the direction of eliminating quantitative tests of the sufficiency of evidence. Per LUMMUS, J.

INDICTMENT, found and returned on May 11, 1942.

The case was tried before *Brogna,* J.

*D. Lasker,* for the defendant, submitted a brief.

*A. F. Iovino,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was found guilty by a jury upon five counts of an indictment for perjury as a witness at a hearing before a master in two suits in equity in which

he was a defendant. The suits in equity came to this court, and are reported under the names of *Geffen* v. *Paletz and others* and *Brock* v. *Gale and others*, 312 Mass. 48. The nature of the controversy appears from the report of those cases.

From that report it appears that one Paletz held title to real estate on Pearl Street in Cambridge, as a "straw" for Ida F. Gale, the wife of the defendant. In order to make it appear that the property was covered by a large mortgage and thus to discourage future creditors, and also to have something that could be used as collateral, she caused Paletz to give a mortgage note and mortgage on May 13, 1926, to the present defendant, although there was no debt to be secured. The present defendant assigned the mortgage and indorsed the note to one Levin as security for his debt to Levin. Later Ida F. Gale gave the present defendant money and instructed him to use it in paying Levin. The present defendant paid Levin and received back the note and a reassignment of the mortgage. The present defendant owed money to Joseph Geffen, now deceased, and on March 10, 1931, assigned the mortgage and also the note to Geffen as security for the preëxisting debt, but the note was neither indorsed nor delivered. Geffen was not a holder in due course, was held to take no greater right than the present defendant had, and was held a trustee of the note and mortgage for Ida F. Gale. It was held that Geffen and his estate could not complain of the fact that the present defendant forged the name of Geffen to a discharge of the mortgage, for Geffen had no right in it as against Ida F. Gale. But though Geffen's estate was denied relief against the discharge of the mortgage, it was awarded $14,450 and interest against the present defendant because of his debt to Geffen. The suit by Brock was one to reach and apply the property in satisfaction of a debt owed by the present defendant, and since the property was owned by Ida F. Gale and not by the present defendant it could not be reached.

The indictment charges perjury (a) in testifying that the present defendant was not indebted to the estate of Geffen

in the sum of $15,500 and interest,. (b) in testifying that the discharge of the mortgage was made by Geffen and not forged by the present defendant, and (c) in testifying that the mortgaged real estate belonged, not to the present defendant, but to his wife, Ida F. Gale. The evidence was ample that the present defendant gave sworn testimony before the master as charged, and that in each of the three respects stated above that testimony was intentionally false. In order to support a general verdict of guilty where there are three assignments of perjury, it is sufficient that any one of them is properly pleaded. *Commonwealth* v. *Johns*, 6 Gray, 274. *Commonwealth* v. *McLaughlin*, 122 Mass. 449. *Commonwealth* v. *Sargent*, 129 Mass. 115. The testimony in question was material in one or more aspects of the cases in which it was given.

The defendant assigned a multitude of errors. He argued few of them specifically. We discuss only those argued. The others were waived by his failure to argue them. Rule 2 of the Rules for the Regulation of Practice before the Full Court (303 Mass. 678). *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *Boston* v. *Dolan*, 298 Mass. 346, 355, 356. *Soscia* v. *Soscia*, 310 Mass. 418, 420. *Apger* v. *New York Central Railroad*, 310 Mass. 495, 504. *Seder* v. *Kozlowski*, 311 Mass. 30, 38. *Sokoloski* v. *Splann*, 311 Mass. 203, 206. *Geffen* v. *Paletz*, 312 Mass. 48, 58. *Burgess* v. *Giovannucci*, 314 Mass. 252, 254. *Nichols* v. *Commissioner of Corporations & Taxation*, 314 Mass. 285, 304. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 464. *Sikora* v. *Hogan*, 315 Mass. 66, 71.

We find nothing requiring discussion in the questions argued relating to the admissibility of evidence.

Various requests for instructions were admittedly "tantamount to motions for a directed verdict of 'not guilty.'" Such questions must be raised by motion. Rule 71 of the Superior Court (1932). That rule extends to criminal cases. *Commonwealth* v. *Polian*, 288 Mass. 494, 500. *Commonwealth* v. *Carter*, 306 Mass. 141, 143. *Commonwealth* v. *Parrotta*, 316 Mass. 307, 313.

There is nothing in the point that ownership and in-

debtedness cannot be the subjects of perjury because these concepts depend upon questions or assumptions of law. It is true that those words express a conclusion of law upon facts. *Haskell* v. *Merrill,* 179 Mass. 120, 123. But the element of law contained in them is ordinarily small as compared with the element of fact. A statement of ownership or indebtedness, without more, is substantially a statement of fact. *Livingstone* v. *Murphy,* 187 Mass. 315, 317. *Reggio* v. *Warren,* 207 Mass. 525, 533. *Lyman* v. *Romboli,* 293 Mass. 373, 374. *Kulchinsky* v. *Segal,* 307 Mass. 571, 572. Compare as to value, *Commonwealth* v. *Coshnear,* 289 Mass. 516, 522.

The sixteenth assignment of error was an omnibus one, relating to the action of the judge upon seventy-five different requests for instructions, some of which were given. The defendant made little attempt to distinguish among them, or to argue particular requested instructions in detail, but dumped the undigested mass upon the court with a general and diffusive argument. The statute requires in effect a separate and specific assignment as to each error relied on. G. L. (Ter. Ed.) c. 278, § 33D. *Commonwealth* v. *Polian,* 288 Mass. 494, 496, 497. The course that was adopted would have justified us in declining to consider this assignment of error. But we have considered it in this case to the extent of satisfying ourselves that no injustice was done to the defendant.

The defendant contends that his own testimony that he owed nothing to the estate of Geffen was contradicted only by one witness, and that a conviction for perjury could not be had upon the testimony of one witness without strong corroborative circumstances, citing *Commonwealth* v. *Parker,* 2 Cush. 212, 222, et seq., and *Laughran* v. *Kelly,* 8 Cush. 199, 202, 203. See also *Commonwealth* v. *Butland,* 119 Mass. 317, 324; *Nutter* v. *King,* 152. Mass. 355, 358. The short answer to this is that no assignment of error covers the point. Therefore we need not consider whether there were corroborative circumstances, nor whether the rule relied on remains a part of the law of this Commonwealth. The trend of modern decisions is in the direction of elimi-

nating quantitative tests of the sufficiency of evidence. *Commonwealth* v. *Zelenski,* 287 Mass. 125, 130. *Commonwealth* v. *DiStasio,* 294 Mass. 273, 286. *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 464. Wigmore, Evidence (3d ed. 1940) §§ 1172, 2030–2093.

*Judgment affirmed.*