JAMES J. CORRIGAN, *Ex'r vs.* BERNARD O'REILLY.

AUGUST 6, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought by one executor under a will to obtain payment from his co-executor of a balance due on a promissory note executed and delivered by the latter to the testator during his lifetime.   After a hearing in the superior court on bill, answer and evidence, a decree was entered ordering payment by

the respondent to the estate of the balance of the note, $11,000, and additional interest of $5,227.82, making a total of $16,227.82. From the entry of that decree the respondent has prosecuted his appeal to this court.

The proceeding is in equity solely by virtue of a statute and the special representative capacities of the parties. Otherwise it is in essence an action by the payee to recover from the maker the balance due on a promissory note.

The basic facts as alleged in the bill are either admitted in the answer or are established by the evidence. John P. Todd died in Providence on September 2, 1951, leaving a will under which complainant and respondent were appointed executors by decree of the probate court of that city dated October 2, 1951. Between December 23, 1947 and May 20, 1948 the respondent had received from the testator six large sums of money amounting in all to $29,000 for the admitted purpose of establishing the respondent in an extensive automobile washing business near the center of Providence. As evidence of such indebtedness the respondent executed and delivered to the testator a promissory note which reads as follows:

```
            00
"$29,000.100        Providence R.I.   May 13 1948
        On demand after date I promise to pay
    to the order of      John P. Todd
    Twenty Nine Thousand ——————————Dollars
    Payable at Providence R.I.
    Value Received
    No.    Due           [signed] Bernard O'Reilly"
```

Thereafter respondent made two payments of $1,000 each on June 29, 1948 and December 19, 1949 respectively, which were credited on the back of the note in the admitted handwriting of the testator. Neither the note nor any endorsement of payments indicated any requirement for or payment of interest. The respondent testified that by checks to the testator he also had made several other payments on

account of the principal of the note which with the credits entered on the back thereof amount to the sum of $18,000. This evidence was not contradicted so that an admitted balance of $11,000 on the principal of the note was still unpaid.

Although respondent's answer admitted the allegations concerning the sums of money received from the testator, the execution and delivery of the note, and payments of $18,000 on account of the principal, he testified that the amount of money was a gift from the testator and not a loan; that accordingly the note and payments thereunder were not legal obligations; that all the payments he made were entirely voluntary; and that in any event, since the note was demand paper and contained no express provision for interest, the testator did not intend to charge interest.

The trial justice found in substance and effect that the transaction was a loan and not a gift; that it was made in the ordinary course of business transactions; and that *as such* the loans of money to respondent carried interest as an incident thereof from the date of the note. Accordingly he allowed, in accordance with the figures agreed upon by the parties, simple interest at 6 per cent on the amounts outstanding from time to time from the date of the note, totaling $5,227.82. This was added to the amount of principal due and unpaid, namely, $11,000, and constituted the total amount which respondent was ordered to pay into the estate.

In this court the respondent presses only one claim under his reasons of appeal, namely, that interest was erroneously added. He concedes in argument, however, that even under his own view interest would properly be chargeable from the date that the instant proceeding was commenced. But as to other interest he contends that since the note is demand paper and contains no express provision for payment of any interest, it was necessary for the testator to

have demanded payment of the whole principal before interest would start to accrue.

In our judgment the trial justice apparently treated the transaction as one involving merely the loan of money in a business transaction without reference to the later delivery of a written promissory note. If such a consideration is proper, his conclusion that interest was recoverable for the use of the money from the time of its payment is not without some supporting authority under the American rule. See *Butler* v. *Butler,* 10 R. I. 501; *Hodges* v. *Hodges,* 9 R. I. 32; *Spencer* v. *Pierce,* 5 R. I. 63, 71.

However, this view by the trial justice overlooks the fact that the instant suit was based *solely* on a later promissory note which contains no provision for interest and was payable on demand. When the testator accepted delivery of such note as a substitute for the respondent's past indebtedness, the transaction between the parties was governable by the law applicable to a promissory note. Generally speaking, under such law it is well settled that where there is no special agreement as to interest and no particular time stipulated for payment of the debt, interest ordinarily is recoverable only from the date of demand or default. 30 Am. Jur., Interest, §46, p. 36; 47 C.J.S., Interest, §46, p. 57. *Bacon* v. *Bacon,* 266 Mass. 462, 474; *Geffen* v. *Paletz,* 312 Mass. 48, 49; *Town of Panton* v. *Noonan,* 112 Vt. 138. See also *Scudder* v. *Morris,* 3 N.J.L. 13, 16, and *Horn* v. *Hansen,* 56 Minn. 43.

In the instant case there was no evidence of any special agreement as to interest and there was no express provision therefor in the note. Nor was there any evidence of interest being demanded or paid, in whole or part, on any of the payments on account which were accepted by the testator and endorsed by him on the note. And the uncontradicted evidence shows that the testator accepted such payments and others on account without any reference whatever to a demand for payment of the full amount or for interest.

Ordinarily, therefore, under the general rule which is supported by the great weight of authority, interest would be recoverable only from the date of demand or the commencement of the suit, which latter is considered a judicial demand. 30 Am. Jur., Interest, *supra*. *Town of Panton* v. *Noonan, supra*.

However, we think that the special circumstances of record here require that the demand in law should be held to antedate the actual commencement of suit. Here the respondent was appointed as a coexecutor of the payee's will. As such he had a duty to demand and collect promptly all the assets for the benefit of the estate. Knowing his own obligation to the testator on the demand promissory note, which was then fixed as to amount due, he should not be permitted to benefit personally by failing as executor to perform his legal duty to demand payment thereof. Such duty would have been required as against any other debtor of the estate. In our opinion the law as to the duties of an executor, when considered in the light of the peculiar circumstances whereby the respondent became both an executor and a debtor of the estate on a known and fixed obligation of a promissory note payable on demand, requires that his appointment as executor be considered as a judicial demand for payment. It follows that interest accordingly should be added to the balance of the principal admittedly due as of that date.

But the complainant contends that in any event interest should begin at least from June 29, 1948, when $1,000 was acknowledged in payment on account, citing *Bayliss* v. *Pearson*, 15 Iowa 279. In that case special acts of the parties and receipt of two large payments, being almost in full of the debt, were held to virtually constitute an acknowledgment that the note was due at that time. In other words the evidence of such conduct was held to show the equivalent of a demand. If the facts here were similar that case would be in point. However, there is no evidence

of such conduct by the parties in the instant cause which would be tantamount to a demand, and the uncontradicted positive testimony of the respondent is to the contrary.

The respondent's appeal is sustained in part, the decree appealed from is modified as above stated, otherwise it is affirmed, and the cause is remanded to the superior court for entry of a decree in accordance with this opinion.

*James J. Corrigan, pro se,* for complainant.

*Edward F. McElroy, Charles A. Kiernan,* for respondent.