Banks, J.
This is an appeal arising from an action in contract brought by the Federal Deposit Insurance Corporation (F.D.I.C.) as liquidating agent of the New Boston Bank and Trust Company (New Boston) on a promissory note executed on Decemeber 20, 1974 by the defendant/appellee, Robert Hahn. No issues relating to the liability of the defendant upon the note have been raised; and summary judgment for the plaintiff/appellant was allowed by the Concord Division of the District Court Department pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56.
At issue is the extent of the defendant’s liability upon the note as determined at a hearing upon the assessment of damages. The plaintiff claims to be aggrieved by the trial court’s denial of its motion for a new trial as to the assessment of damages and motion for amendment of findings.
The note that is the subject of this controversy is on a form entitled “Business Purpose Loan” into which have been inserted by typewriter the amount of the loan ($5,983.34) and the terms as payable “on demand.” The body of the note provides that the maker waives demand, notice and protest upon the note becoming due and payable and that[1]' this note shall carry interest after default or upon maturity at the rate of one percentum per month.” In its complaint, F.D.I.C. claimed $5,983.34, the amount of the note, plus interest from the date of the note at one percent. In his answer, the defendant asserted that he had paid interest to the date of the complaint and that he owed only the principal amount.
The defendant, a member of the Massachusetts Bar appearing pro se, asserted at the hearing on the assessment of damages (a copy of the transcript of which was appended to the report) that at the periodic requests of New Boston and F.D.I.C. he made payments on the loan prior to the complaint, which payments he considered to be interest. The trial court found that the defendant had in fact paid $2,286.64 to F.D.I.C. and its predecessor New Boston prior to suit, but further found that “no evidence was introduced that would warrant a finding as to the date of default or maturity. ’ ’ Accordingly, the court found that no interest was payable prior to the filing of the complaint; and the sum of $2,486.64 paid by the defendant was subtracted from the principal amount of the loan in arriving at a final assessment of damages.
In so finding, the trial court impliedly made a subsidiary finding that a demand *112 was required upon the note despite the clause waiving demand. The plaintiff argues that no demand at all should have been required, and that interest should run from the date of the note. Its argument is that, demand having been waived, the note has lost its character as a demand note and should be treated as falling within subsection (b) of G.L.c. 106, §3-122(4) which provides:
Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment
(a) in the case of a maker of a demand note, from the date of demand
(b) in all other cases from the date of accrual of the cause of action.
By the provisions of G.L.c. 106, §3-122(l)(b), a cause of action accrues “in the case of a demand instrument upon its date or, if no date is stated, on the date of issue.”
To accept this proposition, however, is to deny any meaning whatsoever to the words “on demand” as they were inserted into the instrument, and the trial court acted properly in refusing to do so. No Massachusetts case has been decided with regard to the time of the running of interest upon a demand note waiving demand. In the Massachusetts Code Comment under §3-122, however, there appears the following:
Running of Interest:
The rule under subsection (l)(a) under which accrual commences upon the date or date of issuance of a demand note carries with it an implication that interest shall be computed from that date. Massachusetts, however, has long been in agreement with the majority view under which interest runs from the date of demand. Geffen v. Paletz (1942) 43 N.E.ed 133, 312 Mass. 48.
In the Uniform Commercial Code Comments on the question it is noted that:
Some courts have taken the view that, since the note is due when issued without demand it should follow that interest runs from that same date. On the other hand, it is clear that there is no default until after demand by the holder and thus no reason for the imposition of the penalty on the maker. Subsection (4), therefore, adopts the position of the majority of the courts that on a demand note interest runs only from demand.
Having ruled that a demand was required in order to start the running of interest on the note, the trial court then found that the time of demand was the date of institution of the present suit. The record before this Division does not appear to require such a finding. The ruling is correct in our view that the inclusion of a clause waiving formal demand does not override a specific term requiring demand. This ruling does not require as its corollary, however, a further finding or ruling that the effect of the demand waiver clause is so vitiated as to preclude a de term ¡nation that some form or demand or request for payment was made. By that waiver clause, the holder of the note sought to relieve himself merely of the formalities of dishonor, presentment and notice to which he might otherwise have been subject prior to the institution of suit. The determination of the trial court that the institution of suit constituted a clear and unequivocal demand within the terms of the note and applicable statutes is clearly correct. The question remains, however, whether the requests for payment by New Boston and F.D.I.C. prior to the institution of suit, which were acceded to by the defendant in the form of payments which he apparently considered interest at the time, constituted an earlier demand within the context of the instant case.
The record before this Division does not make clear whether this question, entirely a matter of fact to be found by the trial court, was fully considered by that court. This matter is, therefore, remanded for further hearing as to whether *113 and at what time the plaintiffs requests for payments constituted a demand for payment so as to begin the running of interest upon the note.
The trial court’s finding of damages is accordingly vacated. This case is remanded for a new hearing on the assessment of damages in accordance with this decision.

So ordered.