DECISION
Before this Court is the plaintiffs' — Jose S. Cardoso, Ines S. Cardoso, Antonio J. Ferreira, and Maria DeLurdes Ferreira's (plaintiffs) — Proposed Amended Judgment to this Court's decisions of June 9, 1998, and February 24, 1999. The defendants, Alfredo Mendes and Maria Mendes (defendants), have filed an objection to entry of the plaintiffs' Proposed Amended Judgment.
FACTS and TRAVEL
The above-entitled matter was heard by the Court sitting without a jury. In its decision of June 9, 1998, the Court ruled that the 1989 loan for the Hunt Street property was not supported by consideration, the 1991 loan for 361 Mendon Avenue was void, and that the 1992 guaranty for the sale of the Hunt Street property was induced by fraud and therefore void. Furthermore, the Court held that in regards to the 1984 loan for the liquor store on Dexter Street, "the reasonable and equitable sum which the plaintiffs should pay the defendants on the $95,000 loan is $75,000." Decision at 26. Subsequently, the judgment presented to this Court, which was entered on June 16, 1998, stated that "the judgment of $75,000 entered for the Defendants shall be without prejudgment interest." The defendants were not afforded an opportunity to object to the judgment before its entry.
Thereafter, on January 6, 1999, the defendants filed a motion for relief from the judgment on the basis that the preclusion of prejudgment interest was a clerical mistake since it was in contravention of the Court's decision, the promissory note, and applicable Rhode Island case law and statutory law. In its decision of February 24, 1999, this Court granted the defendants' motion for relief from the judgment. The Court found that although the statutory rate of 12% was inapplicable, the defendants were nonetheless entitled to 17% prejudgment interest under the terms of the promissory note. As such, this Court ordered that the defendants be awarded prejudgment interest at a rate of 17% for the period beginning with the date of demand and running until the final judgment. The parties now disagree as to when the date of demand occurred.
 THE COMMENCEMENT OF PREJUDGMENT INTEREST
The plaintiffs allege that no demand was made on the 1984 loan until, at the earliest, after this Court's decision on June 9, 1998. The plaintiffs contend that they have examined the correspondence between the two parties of which the only demand letters made by the defendants related to the 1989 loan. The plaintiffs note that the 1984 promissory note requires the defendants to notify the plaintiffs, via certified mail, that they are in default and that the defendants are choosing to exercise their right of acceleration. As no such written notification was sent to the plaintiff's, they allege that no demand occurred.
Though recognizing that the commencement of suit can serve as the equivalent of judicial demand, the plaintiffs emphasize that they, not the defendants, filed suit seeking a declaratory judgment that none of the notes were in default. According to the plaintiffs, since the defendants did not bring a "lawsuit or its equivalent the counterclaim seeking payment of the 1984 loan," the filing of suit by the plaintiffs cannot constitute a demand by the defendants. Plaintiffs' Brief at 2.
The plaintiffs also contend that the damages calculated by this Court were not liquidated until announced by the Court since the amount that the plaintiffs owed the defendants was legally and equitably unknown until clarified by this Court's decision.See Sloane v. Stanley G. House Associates, Inc., 532 A.2d 694
(Md. 1987). The plaintiffs rely on Grady v. Grady, 504 A.2d 444
(R.I. 1986) and Providence Transit Concrete Corp. v. New EnglandConcrete Corp., 65 R.I. 430, 14 A.2d 807 (1940) for the proposition that uncertain and unliquidated amounts are generally assessed interest from the date of the verdict. Therefore, the plaintiffs respectively request that the date of demand be determined to be the date of the verdict and that prejudgment interest on the 1984 loan begin to run from June 9, 1998, to June 16, 1998.
In objection, the defendants challenge the plaintiffs' Proposed Amended Judgment, maintaining that prejudgment interest should commence either on the date of default (July 1994) or the date that suit was filed (November 1994). The defendants contend that the plaintiffs, by their own judicial admission in their amended complaint, admitted that they stopped making payments in July of 1994. The defendants recognize that interest as an incident of the principal debt is allowed from the date of default whenever the debtor knows precisely what he is to pay and when he is to pay it. See Westminster Construction Corp. v. PPGIndustries, Inc., 376 A.2d 708 (1977); Spencer v, Pierce,5 R.I. 63 (1887). Since the plaintiffs failed to make payments in accordance with the note provisions, the defendants contend that, as of July of 1994, the plaintiffs were in default and as such, prejudgment interest should run from that moment until the judgment became final, twenty days after it was entered. Furthermore, the amount owed was not an unliquidated amount, according to the defendants, since the plaintiffs possessed an amortization schedule which recorded the outstanding amount as of their last payment ($83,631.84). The defendants allege that the plaintiffs enjoyed a windfall since the Court awarded the defendants $75,000 rather than the $83,631 reflected on the amortization schedule. As such, the defendants contend that prejudgment interest should be awarded pursuant to the promissory note from the date of default at a rate of 17%.
The defendants further argue if the prejudgment interest does not commence on default, then prejudgment interest should commence on the date the plaintiffs filed suit. See Corrigan v.O'Reilly, 82 R.I. 286, 107 A.2d 322 (1954) (commencement of suit is the equivalent of judicial demand.). According to the defendants, the plaintiffs' commencement of proceedings in November 1994, during which they sought to have declared the 1984 loan null and void, coupled with the defendants' letter to the plaintiffs on December 15, 1994, constitutes a judicial demand for payment once an answer alleging breach of contract and nonpayment was filed. In the letter of December 15, 1994, the defendants inquired as to whether regular payments had been made by the plaintiffs as required under the note and asked that the plaintiffs advise them whether the payments had been made, and if so, the manner by which the payments were made, and the plaintiffs' position as to the outstanding balance. As such, the defendants allege that a demand was made and prejudgment interest should begin to run.
Alternatively, the defendants contend that should this Court find that they are not entitled to 17% interest from at least November 1994, then the Court must find that under the provisions of G.L. 1956 § 9-21-10 the defendants are entitled to prejudgment interest at 12% from the accrual of their cause of action, namely the plaintiffs' default under the terms of the promissory note. Since the Court upheld the validity of the note, the defendants allege that the default, which occurred when the plaintiffs failed to make payments under the note after July 1994, would be characterized as a "breach of contract." The defendants therefore claim that they would be entitled to 12% interest from the accrual of their action.
After a review of the record, this Court finds that prejudgment interest should run from June 9, 1998 (date of decision) until 20 days after this judgment is entered. As stated in the February 24, 1999 decision, prejudgment interest on a promissory note is due on demand or default in the absence of a contract concerning it. See Corning Glass Works v. SeaboardSurety Co., 112 R.I. 241, 251, 308 A.2d 813, 819 (1973). Additionally, prejudgment interest continues to run from that date until the judgment becomes `final': the term judgment contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by the Supreme Court after consideration and rejection of the appellant's argument. See Welsh Mfr. Div. of Textron v. Pinkerton's, Inc.,494 A.2d 897, 898 (R.I. 1985).
The promissory note at issue stated that, for value received, the plaintiffs agreed to pay the defendants the principal sum of interest on the unpaid principal from the date of the note until paid, at the rate of 17%, in consecutive monthly installments of $1,393.48 on the first day of each month. Furthermore, "[i]f any monthly installment under [the] Note [was] not paid when due and remain[ed] unpaid after a date specified by a notice to the Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder." Pursuant to the note, the demand letter notifying the plaintiffs that the defendants had decided to exercise their right of acceleration had to be in writing sent by certified mail.
This Court finds that prejudgment interest should not run from the date of default. First, although both sides seemingly acknowledge that the plaintiffs stopped making payments on the promissory note in July 1984, the amount owed at that time was not evident to the plaintiffs. In its decision of June 9, 1998, this Court recognized that no concrete evidence, such as receipts, canceled bank checks or bank drafts, was offered by either side and as such, the Court was faced with the task of ascertaining how much had been paid and what was owed by the plaintiffs. Given the internal inconsistencies of the plaintiffs' testimony and the complete lack of confidence that the Court had in the testimony of defendant Alfred Mendes, the Court awarded the fair and equitable sum of $75,000. Since the plaintiffs, as of July 1994, were unaware of how much was owed and when it had to be paid, use of the date of default as the commencement date of prejudgment interest is inappropriate. The amount owed was uncertain and therefore interest was to be assessed from the date of the verdict. See Grady v. Grady, 561 A.2d 444 (R.I. 1986).
Additionally, the use of the date of default is improper since the full $75,000 was not due in July 1994 due to the defendants' failure to exercise their right of acceleration The acceleration clause contained in the promissory note is an optional acceleration clause in that the entire principal does not come due without the necessity of a declaration of the right or an election on the part of the holder. The note states if a monthly payment is missed, the "entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder." (Emphasis added.) The note also requires that the defendants mail a demand letter to the plaintiffs, via certified mail, informing them that they are in default and that they are exercising their right to accelerate the entire principal due along with any accrued interest. The record evidence is devoid of any election by the defendants. "It is necessary that some affirmative action be taken by the creditor evidencing his intention to take advantage of the acceleration clause; otherwise the provision has no operation, and the debtor has the right to tender the amounts in default." Lee v. O'Quinn, 184 Ga. 44, 190 S.E. 564 (1937). Since no demand was made in July 1994, the plaintiffs were entitled to tender any past due payments, and the date of default cannot serve as the commencement of prejudgment interest.
The commencement of suit by the plaintiffs cannot here serve as the equivalent of a judicial demand by the defendants. "The institution of a suit for the whole debt is the most solemn form in which the holder [of a note] can exercise his option [to accelerate]." 5 A.L.R.2d, What is Essential to Exercise of Optionto Accelerate Maturity of Bill or Note § 5 p. 975 (1949). "[T]he institution of a suit on bills or notes is notice of the most unequivocal character that the holder wishes to avail himself of his option to accelerate." Id.; see also Corrigan v.O'Reilly, 82 R.I. 286, 107 A.2d 322 (1954). In the instant matter, the plaintiffs brought suit to prevent foreclosure due to an alleged default on an unrelated note and then later amended their complaint to seek a declaratory judgment that none of the notes the defendants held were in default. The defendants neither filed a counterclaim nor brought a separate action seeking to collect the entire principal and interest due on the 1984 note. The defendants' assertion that "the plaintiffs' commencement of proceedings in November 1994, during which they sought to have declared the 1984 loan null and void, coupled with the defendants' letter to the plaintiffs on December 15, 1994, constitutes a judicial demand for payment once an answer was filed alleging breach of contract and nonpayment" is without merit. The letter to which the defendants refer does not constitute a demand letter. There was no mention in the letter of the fact that the plaintiffs were in default or that the defendants intended to exercise their right to accelerate. As such, the commencement of suit by the plaintiffs cannot serve as the starting date for prejudgment interest.
Furthermore, this Court finds that the defendants are not entitled to 12% interest under G.L. 1956 § 9-21-10 from the accrual of their cause of action. As discussed in its decision of February 24, 1999, the provisions of § 9-21-10 are inapplicable to the instant matter in that the subject debt is a contractual obligation for which interest is already provided. Decision at 4.
Therefore, the date of the Court's decision is the starting date for the period of prejudgment interest since the rights and liabilities of the parties were not ascertained until this date. Furthermore, on this date, the plaintiffs were notified that they were indebted to the defendants for $75,000 plus interest on the 1984 loan and a demand occurred. Since demand by the defendants did not occur until June 9, 1998, this Court finds that prejudgment interest should run from June 9, 1998 until the judgment to be entered becomes final.
Counsel shall prepare the appropriate judgment for entry in accordance with this decision.